UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAMELA OUILETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cv-00587-RCJ-VPC |
| vs. | ) | |
| | ) | |
| ROBERT M. LEE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of alleged sexual harassment. Pending before the Court is a Motion to Dismiss (ECF No. 3). For the reasons given herein, the Court grants the motion in part and denies it in part, with leave to amend in part.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Pamela Ouilette was an employee of non-party Deeside Trading Co., Ltd. ("Deeside") from July 12, 2004 until her resignation on December 27, 1010 due to physical and verbal sexual harassment by Defendant Robert Lee, the "owner and operator" of Deeside, that began in January 2007. (Compl. paras. VII–XII, Nov. 6, 2012, ECF No. 1). Plaintiff sued Defendant in this Court for: (1) sex discrimination under Title VII; (2) hostile workplace environment ("HWE") under Title VII; (3) breach of contact; (4) breach of the implied covenant of good faith and fair dealing; (5) intentional infliction of emotional distress ("IIED"); and (6) battery. Defendant has moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.  ANALYSIS

#### A.  Title VII Claims

Defendant argues that he is not an "employer" under Title VII. Although Plaintiff refers to Defendant as the "owner and operator" of Deeside, Defendant is correct that only Deeside itself is a suable "employer" under Title VII. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). According to the public records, Deeside is a domestic corporation, making it a separate legal entity. The Court dismisses the Title VII claims, with leave to amend to add Deeside as a Defendant, if Plaintiff can sufficiently allege Title VII claims against that entity.

#### B.  Contract Claims

Defendant notes that Plaintiff alleges no contract. (*See generally* Compl.). The Court agrees and therefore dismisses the contract claims. Although it appears likely that Plaintiff was an at-will employee, the Court will give Plaintiff leave to amend to allege the existence of an enforceable contract. The Court notes that the language in the Complaint that Plaintiff "agreed to be employed . . . and to fulfill her duties in exchange for . . . pay" is consistent with a contract but is not a plausible allegation of a contract under *Iqbal*. It is a plausible allegation of at-will employment. Simply rewording similar allegations will not be sufficient to allege a contract.

///

**C.     Tort Claims**

Plaintiff brings claims for IIED and battery.  Defendant argues that the statute of limitations has run against these claims.  The statute of limitations for these intentional torts is two years.  *See* Nev. Rev. Stat. § 11.190(4)(c).  The alleged conduct ceased no later than Plaintiff's resignation on December 27, 2010, and Plaintiff filed the Complaint on October 8, 2012, less than two years later.  Defendant argues that Plaintiff alleges the alleged physical and verbal harassment ended in September 2010, but this is not correct.  Plaintiff alleges that in September 2010, Defendant's wife discovered Plaintiff's complaints, and that Defendant retaliated by stripping Plaintiff of her duties, and that "her work environment became increasingly hostile." (Compl. para. XI).  Plaintiff may maintain battery and IIED claims that arose after October 8, 2010.  The claims are dismissed under the statute of limitations only as to any events occurring before that date.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is GRANTED IN PART and DENIED IN PART, with leave to amend in part.  The Title VII claims are dismissed, with leave to amend to add Deeside as a Defendant.  The contract claims are dismissed, with leave to amend to allege a contract.  The battery and IIED claims are dismissed as to events occurring on or before October 8, 2010, but not as to events occurring thereafter.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge