UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAMELA OUILLETTE, | ) | |
|             Plaintiff, | ) | |
| vs. | ) | 3:12-cv-00587-RCJ-VPC |
| ROBERT M. LEE et al., | ) | **ORDER** |
|             Defendants. | ) | |

This case arises out of alleged sexual harassment. Pending before the Court are two Motions to Dismiss (ECF Nos. 13, 14). For the reasons given herein, the Court grants the motions, with leave to amend as against Defendant Robert M. Lee, one final time.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Pamela Ouillette was an employee of Defendant Deeside Trading Co., Ltd. ("Deeside") from July 12, 2004 until her resignation on December 27, 1010 due to physical and verbal sexual harassment by Defendant Robert Lee, the "owner and operator" of Deeside, that began in January 2007. (Compl. paras. VII–XII, Nov. 6, 2012, ECF No. 1). Plaintiff sued Defendant in this Court for: (1) sex discrimination under Title VII; (2) hostile workplace environment ("HWE") under Title VII; (3) breach of contact; (4) breach of the implied covenant of good faith and fair dealing; (5) intentional infliction of emotional distress ("IIED"); and (6) battery. Lee moved to dismiss for failure to state a claim. The Court granted the motion in part,

1  with leave to amend in part, ruling that the Title VII claims must be brought against Deeside, if
2  anyone, that Plaintiff had not sufficiently alleged any enforceable contract, and that the tort
3  claims were barred by the statute of limitations as to any events occurring before October 8,
4  2010.
5  Plaintiff filed the First Amended Complaint ("FAC"), adding Deeside as a Defendant and
6  listing four causes of action: (1) sex discrimination under Title VII (Deeside); (2) HWE under
7  Title VII (Deeside); (3) IIED ("Lee"); and (6) battery ("Lee"). Deeside and Lee have separately
8  moved to dismiss the FAC for failure to state a claim.

9  **II.    LEGAL STANDARDS**

10  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
11  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
12  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
13  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
14  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
15  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
16  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
17  failure to state a claim, dismissal is appropriate only when the complaint does not give the
18  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
19  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
20  sufficient to state a claim, the court will take all material allegations as true and construe them in
21  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
22  Cir. 1986). The court, however, is not required to accept as true allegations that are merely
23  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
24  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
25  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

### A.   Deeside's Motion Against the Title VII Claims

Deeside argues that it is not an "employer" amenable to suit under Title VII, because it does not have the requisite fifteen employees. *See* 42 U.S.C. 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."); *see also* Nev. Rev. Stat. § 613.310(2) (containing the same fifteen-employee threshold for analogous claims under state law). Deeside adduces Plaintiff's right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), indicating that the EEOC closed its file because it found that Deeside did not have the requisite fifteen employees.

1  (*See* Letter, July 11, 2012, ECF No. 13, at 8).  Deeside is correct that Plaintiff has not sufficiently
2  alleged that it is an employer under Title VII.  Also, Plaintiff has filed a non-opposition to
3  Deeside's motion.  The Court therefore dismisses the first and second claims, without leave to
4  amend.

###     B.     Lee's Motion Against the Tort Claims

6  Lee first argues that Ouillette presents "ever-changing facts."  But the Court is only
7  concerned with whether the facts alleged in the FAC are sufficient to state IIED or battery claims,
8  not whether they are consistent with the facts alleged in the Complaint, Ouillette's previous
9  sworn statements, or other documents.  That issue is relevant to credibility at trial or Rule 11
10 sanctions, but it is not a consideration under Rule 8(a).

11 Still, the Court notes that Plaintiff nowhere alleges any instance of battery occurring on or
12 after October 8, 2010.  The alleged groping incidents are given no dates at all. (*See* First Am.
13 Compl. para. X, May 6, 2013, ECF No. 11).  The allegation that batteries continued "until
14 [Plaintiff] was compelled to resign," coupled with the allegation that Plaintiff resigned on
15 December 27, 2010, (*see id.* paras. X, XIV), make it legally "possible" that one or more batteries
16 occurred between October 8 and December 27, 2010 such that the statute of limitations did not
17 run before Plaintiff filed suit, but those allegations do not make liability legally "plausible" as
18 that term is used in the relevant case law.  That is, both the existence or non-existence of one or
19 more batteries between these dates are consistent with the allegations.

20 Although some courts have struggled with the meaning of "plausible" in the context of
21 Rule 8(a), the Court does not believe the Supreme Court's interpretation of Rule 8(a) is
22 particularly confusing.  The *Iqbal* Court was clear as to what it meant by "plausible" versus
23 "possible."  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) ("The plausibility
24 standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility
25 that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"). With the conspicuous exception of the common law "manifest weight of the evidence" standard incorporated under Rule 59(a) motions for a new trial, legal epistemology under the federal rules—i.e., the logical method by which federal courts determine whether facts have been sufficiently alleged, proved, or disputed as a matter of law under Rules 8, 12, 50, and 56—is intensely formal, and appropriately so, because pretrial proceedings are primarily concerned with efficiency of procedure, not substantive fact-finding. The adjudication of dispositive pretrial motions is not a fact-finding endeavor under which a court assesses credibility, weighs evidence, and then guesses at the likelihood of the truth of the claims. In the context of Rule 8(a), "possible" means "not inconsistent with liability," and satisfying this standard is not enough to state a claim under the rule. *See id.* "Plausible," on the other hand, means something like "necessitating liability if true and uncontroverted," and this is the Rule 8(a) standard. *See id.* A Plaintiff need only allege facts that necessitate liability if true at the pleading stage, not prove them. *See* Fed. R. Civ. P. 8(a)(2) ("showing that the pleader *is entitled* to relief"). But she must indeed allege such facts, and in good faith under Rule 11. Allegations indicating that the plaintiff *might be entitled* to relief— i.e., allegations that do not exclude the possibility of liability, but which do not necessitate liability, even if true—are not enough under Rule 8(a)(2). Plaintiff has failed to state a claim for battery, because she has not plausibly alleged under this standard that any battery occurred within the statute of limitations. The Court will give Plaintiff one final chance to amend to allege a battery within the statute of limitations.

Lee makes no further arguments specifically against the IIED claim. The Court notes that in Nevada, IIED claims arising out of wrongful physical contact do not require objectively verifiable manifestation of distress. However, as noted, *supra*, there is not yet any plausible allegation of battery within the statute of limitations, and Plaintiff has not otherwise alleged physical manifestations of distress. The Court therefore dismisses the IIED claim, as well, with

leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 13, 14) are GRANTED, with leave to amend, as against Lee, one final time.

IT IS FURTHER ORDERED that the stipulated Motion to Extend Time (ECF No. 16) is DENIED as moot.

IT IS SO ORDERED.

Dated this 9th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge